NICHOLLS, J.
On the 24th of April, 1907, the plaintiff filed a petition in the district court for the parish of Calcasieu, in which he alleged that the defendant company, organized under the laws of the state of Missouri and having its domicile in that state, was personally indebted to him in an amount named for a cause stated; that said company resided out of the state of Louisiana, but had considerable property in the state of Louisiana and parish of Calcasieu; that he was entitled to a writ of attachment directed to the sheriff of the parish of Calcasieu, com *254 nianding him to take into his possession and under his control all the goods, rights, moneys, and credits of the corporation, and hold the same until further orders of the court; that the Colorado Southern, New Orleans & Pacific Railroad Company, domiciled in the city of New Orleans, had in its hands, or under its control, certain moneys, rights, and credits belonging to the defendant corporation ; that plaintiff was entitled to have garnishee process issued against said company, and it ordered to answer certain interrogatories annexed; that, the defendant corporation being a nonresident of the state, it was necessary that a curator be appointed, upon whom citation, notice of seizure, and all other legal process whatever incident to or in connection with the suit might be served. In view of the premises, plaintiff prayed for the appointment of such curator, upon whom citation, notice of seizure, and all other legal process be served; that a writ of attachment issue to the sheriff of Calcasieu parish, directing him to seize and take into his possession, and hold until further orders of the court, all the property, moneys, rights, and credits in that parish belonging to the defendant; that the Colorado Southern Railroad be made a garnishee and ordered to answer interrogatories annexed; that the company and the Colorado Southern be cited: that there' be judgment maintaining the writ of attachment, and making it executory against the property attachment ; that plaintiff recover judgment against the defendant and the garnishee for the amount of the indebtedness claimed.
The district court appointed J. D. Moss as curator ad hoc to represent the defendant company, and that citation, notices of seizure, and all other legal process be served upon him. It ordered a writ of attachment to issue as prayed for, and that the Colorado Southern be made a garnishee and answer the interrogatories annexed to the petition.
On the same day a citation issued to the defendant company, absentee, and was placed in the hands of the sheriff, who returned that he had served the same by pasting copies on the door of the courthouse of the parish of Calcasieu.
On the 26th of April a citation issued, directed to the defendant company, absentee, represented by C. D. Moss, curator ad hoc, and was placed in the hands of the sheriff, who made return that he had on the same day made service of the same upon C. .D. Moss, curator ad hoe, in person.
On the 13th of June citation issued to the defendant company, represented by John Francis, agent, and was placed in the hands of the sheriff, who returned that after diligent search he was unable to find the said agent.
Citation issued, with interrogatories, and was served upon the garnishee, the Colorado Southern Railroad.
A writ of attachment, under orders of the court, issued as prayed for, and was executed by seizure of certain property of the defendant company in the parish of Calcasieu.
The defendant, appearing solely for that purpose, excepted to the citation attempted to be made upon it, and to take service thereof (reserving the right to except to the jurisdiction of the court), for the reason that long prior to the institution of the suit it had complied with the laws of the state by designating Opelousas, St. Landry parish, as its legal domicile, and John Francis, of that parish, as its agent for service of process, all of which was of record as required by law in the office or the Secretary of State at Baton Rouge pri- or to and at the time of the institution of the suit; that the attempted service made upon C. D. Moss was illegal, null, and void, as well as his appointment as curator ad hoc; that the suit should be dismissed for want of proper citation, and the writ of attachment sued out dissolved. It prayed that it be permitted, to verify the, averments of the peti *256 tion, that the exception to the citation and service thereof be sustained, and the writ of attachment be dissolved.
Subsequent to filing this exception, defendant, under reservation of the same, excepted to the jurisdiction of the court for the same reasons it had assigned for contesting the citation. It later amended this exception, declaring that on the 29th of June it had changed its domicile in Louisiana to the city of Baton Rouge, in the parish of East Baton Rouge, and appointed Thomas J. Kernan, of that city, as its agent, instead of Joseph Francis, as would appear from the certificate of the Secretary of State, which it annexed.
On October 14th defendant’s exception for want of citation was overruled, and plaintiff ordered to make another effort to cite the agent of the defendant. On October 31st defendant’s exception to the jurisdiction was sustained by the court, and the writ of attachment dissolved.
On the trial of the exception to the jurisdiction, the defendant offered a copy of the declaration filed by it in the office of the Secretary of State, certified to by that officer on the 19th of February, 1906, as being then of record in his office which was as follows:
“Comes now the Kenefick, Hammond & Quigley Construction Company, a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and for the purpose of doing business in the state of Louisiana makes this declaration:
“The domicile of the Kenefick, Hammond & Quigley Construction Company is Kansas City, Jackson county.
“The domicile of said corporation in the state of Louisiana shall be at Opelousas, in the parish of St. Landry.
“Said corporation has appointed and designated John Francis, of the city of Opelousas, in the parish of St. Landry, as its officer and agent upon whom service of process shall be made.”
It also introduced in evidence a certificate of the Secretary of State, under date of the 15th of July, 1907, certifying to the recording in that office of the procuration acknowledgment of the signatures and copy of resolution of the board of directors of the Kenefick, Hammond & Quigley Construction Company, of the city of Kansas City, Mo., to Thomas J. Kernan, of the city of Baton Rouge. The declaration of the company so filed and recorded reads as follows:
“Know all men by these presents, that the Kenefick, Hammond & Quigley Construction Company, of Kansas City, in the state of Missouri, doing business in the state of Louisiana, • in conformity with the laws thereof does, pursuant to the laws of said state, hereby make its written declaration that the place or locality of its domicile is Kansas City, Missouri, and for Louisiana, Baton Rouge (formerly Opelousas); that it is doing business at the following places in the state of Louisiana, to wit: In the parishes of East Baton Rouge, West Baton Rouge, Pointe Coupée, St. Landry, Acadia, and Calcasieu — and that it does hereby make, constitute, and appoint Thomas J. Kernan, of the city of Baton Rouge, parish of East Baton Rouge (now substituted for John Francis), its true and lawful attorney in and for the state of Louisiana, on whom all process of law, whether mesne or final, against said company, may be served in any action or special proceedings against said company in the state of Louisiana, subject to and in accordance with all the provisions and statutes and laws of said state of Louisiana now in force, and such other acts as may be hereafter passed amendatory thereof and supplementary thereto, and the said attorney is hereby duly authorized and empowered as the agent of said company to receive and accept service of process in all cases as provided for by the laws of the state of Louisiana, and such service shall be deemed valid personal service and binding upon this company, agreeably to article 264 of the Constitution of Louisiana, and in compliance with act No. 54 of 1904. This appointment is to continue in force for the period of time and in the manner provided for by the statutes of the state of Louisiana, and until another attorney shall be duly and regularly substituted.”
Plaintiff appealed to the Court of Appeal. That court affirmed the judgment appealed from, and on application by him to this court the cause has been brought before this court under certiorari or writ of review.
Article 264 of the Constitution of 1898 reads as follows:
“No domestic or foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served.”
*258 In 1904 the General Assembly of Louisiana enacted a statute (Act No. 54, p. 133, of the session of that year) entitled “An act to carry into effect article 264 of the Constitution of 1S98 in respect to foreign corporations doing business in this state,” by the third section of which statute all laws or parts of laws in conflict with it are repealed.
The first and second sections of the statute read as follows:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that it shall be the duty of every foreign corporation doing any business in this state to file in the office of the Secretary of State a written declaration setting forth and containing the place or locality of its domicile, the place or places in the state where it is doing business, and the name of its agent or agents or other officer in this state upon whom process may be served.
“Sec. 2. Be it further enacted, etc., that whenever any such corporation shall do any business of any nature whatever in this state without having complied with the requirements of section 1 of this act, it may be sued for any legal cause of action in any parish of the state where it may do business, and service of process in such suit may be made upon the Secretary of State the same and with the same validity as if such corporation had been personally served.”
It is claimed by the plaintiff that the defendant company did not comply with the provisions of this statute, and as a result it was “suable” for any legal cause of action in any of the parishes of the state where it may do business. Such failure of compliance is made to rest upon the fact that in the declaration made and submitted to the Secretary of State, and by him filed on the 19th of February, 1906, it did not state “the place or places in the state where it was doing business.”
It is disclosed by the record that the defendant company complied with the obligation thrown upon it by article 264 of 1898, and Act No. 54, p. 133, of 1904, of filing in the office of the Secretary of State at Baton Bouge two written declarations setting forth and containing the place or locality of its domicile and the name of an agent in this state upon whom service might be made— the first of said declarations having been filed in the office of the Secretary of State on the 19th of February, 1906, declaring its domicile to be at Opelousas, in the parish of St. Landry, and John Francis, of that parish, tó be its agent; the second being filed in the office of the Secretary of State on the 15th of July, 1907, declaring Baton Bouge to be its Louisiana domicile, that it was doing business in the parishes of East Baton Bouge, West Baton Bouge, Pointe Coupée, St. Landry, Acadia, and Calcasieu, and appointed Thomas J. Kernan, of Baton Bouge, as its agent in lieu of John Francis.
In the first of these declarations the defendant company failed to mention the place or places in the state where it was doing business; but in the second declaration those places were mentioned. There is no evidence in the record showing that service was made upon either John Francis, or Thomas J. Kernan, or the Secretary of State. The only service made was through the appointment of a curator ad hoc and service upon him, and by an attachment of defendant’s property and service of citation upon defendant by posting of citation upon the courthouse door.
It is not claimed by either side that the defendant company is not legally doing business in the state of Louisiana. The plaintiff alleged that it transacted business with it in the parish of Calcasieu, and that as resulting from the contract made with it came under an indebtedness to him which he is entitled to have recognized and enforced through the district court for the parish of Calcasieu. It would seem at first glance at the proceedings that defendant’s exception to the citation claimed to have been made upon it was overruled; but such is not the fact. The citation as made was held to be inoperative, but plaintiff was granted the right to renew his attempt to have service made on defendant. What was overruled *260 was defendant’s prayer to have the suit dismissed under the circumstances then existing. The parties went to trial under that condition of affairs upon defendant’s exception to the jurisdiction; defendant doing so under reservation of his exception to the citation. That exception was sustained, the attachment which had issued was dissolved, and plaintiff’s suit was dismissed for want of jurisdiction in the district court for Calcasieu.
The issue to be passed upon is the right of the plaintiff to sue the defendant in the parish of Calcasieu to have recognized by personal judgment and enforced by that court the indebtedness which he claims to be due him by the defendant company. The district court and the Court of Appeal have both decreed that he had no such right. There is no question presently before us as to how the defendant is to be cited and brought into that court for the purposes of this suit. The question is whether the district court for Calcasieu parish has jurisdiction to try the cause at all under the conditions shown. There can be no doubt as matters are brought before us, that when the petition in this case was filed the defendant had not deposited with the Secretary of State, as required by Act No. 54, p. 133, of 1904, a “written declaration” giving the place or places in which it was doing business, and that the letter of the act declares that when it transacts business of whatever nature without having complied with the requirements of section 1 of the act it might be sued for any legal cause of action in any parish of the state where it might do business. Before the defendant was actually cited, and at the time the exception to the jurisdiction was tried, defendant had remedied the omission in the first declaration by filing a second one in the office of the Secretary of State, containing all the recitals which section 1 of the act of 1904 called for.
The statute does not make the failure of a foreign corporation to comply with all of its provisions carry with it as a result the placing of the corporation in the position of one having no domicile in the state and one having no person in the state upon whom service or process could be made, and enabling any one having a demand upon it to bring it into court by attachment of its property and through the appointment of a curator ad hoc upon whom service should be made. The attempt of the plaintiff in this case to bring about a citation to the defendant through the proceeding it had recourse to was doubtless held insufficient by the trial court when it adjudged that the citation claimed to have been so effected was without force. The filing by the defendant of its first declaration in the office of the Secretary of State had as its effect the fixing of its dolnicile at Opelousas and of constituting John Francis as its agent to receive process. The filing of the second declaration had as its result the fixing by it of a later domicile in East Baton Rouge and a later appointment of Thomas J. Kernan as its agent to receive process.
The fact, however, that defendant may have had a domicile in Opelousas or Baton Rouge, and that it was entitled to citation through Francis or Kernan, is not determinative of the question as to whether or not a person holding a claim against it arising from business transacted by it outside of the parish declared to be its domicile is not entitled to sue it in the parish where that business was transacted, when the corporation has failed to mention in the declaration which it has filed in the office of the Secretary of State the place or places in which it transacts business, as the law of 1904 required it to do.
The right of a corporation to be sued in the parish of its domicile is a statutory right, which the Legislature is at liberty to alter or modify.
That power has. been exercised in cases *262 other than those provided for by the enactment of the statute of 1904. For instance, a corporation having its domicile in one parish may be sued for a trespass in the parish where the latter was committed.
The first section of Act 1904 in precise language declares that, when the requirements of its first section have not been complied with, the corporation failing to comply “shall be suable in any parish of the state where it may do business.”
We cannot ignore the requirement in the act that a corporation making its declaration in the office of the Secretary of State must disclose the “place or places where it does business,” nor ignore (when that requirement has not been complied with) the consequence attached by the statute for such failure.
The defendant having come under a personal liability to the plaintiff for business transacted by it in the parish of Calcasieu when it had not declared in a written statement in the office of the Secretary of State that it did business in that parish, the plaintiff, transacting business with it at that time and under those conditions, had the right to deal with it on the faith of its having the right to sue the defendant in the parish of Calcasieu. Had the plaintiff succeeded in point of fact in citing the defendant before it had filed its second declaration, in which omissions in the first had been remedied, we do not think it could be claimed that plaintiff’s suit would not have been properly brought in the parish of Calcasieu. If so, it could not be made to abate by defendant’s showing that after such suit had been brought it had supplied in a second declaration the recitals which the law required should have been made in the first declaration.
We think that plaintiff’s right to sue the defendant in the parish of Calcasieu, which it had acquired by reason of the defendant’s having transacted business with him without having prior thereto made, in its declaration filed in the Secretary of 'State’s office, mention of the places where it was doing business, was not lost or cut off by the fact that subsequent to the transaction of such business it made the proper recitals in a later declaration. Its rights to sue in the parish of Calcasieu on that cause of action continued for the purposes of that suit. Its right was derived from the fact that the business with defendant was transacted under circumstances authorizing it to sue defendant in the parish of Calcasieu, and was not affected by the fact that before plaintiff could make effectual citation upon the defendant the latter had complied with the requirement.
As the record does not disclose that the defendant has as yet been cited, the plaintiff will have to cite it.
We are constrained to reverse the judgments of the Court of Appeal and of the district court, dismissing plaintiff’s suit and dissolving the attachment for want of jurisdiction in the district court for Calcasieu parish. Our decree will send the cause back to the trial court, to be placed again on its docket (with the attachment reinstated, but subject to such action on the same as that court may hereafter take) for further proceedings according to law.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the Court of Appeal herein brought up for review, and the judgment of the district court for Calcasieu parish, which that court affirmed, be and the same are hereby annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that plaintiff’s petition be and it is hereby reinstated on the docket of the district court for the parish of Calcasieu, and likewise the attachment which issued in this case, to be there proceeded in and dealt with according to law.